with the provisions of the Municipal Court Act, sec. 23, cl. 6 (J. & A. ¶ 3335), requiring to authorize such review that the trial judge sign and place on file either "a correct statement of the facts appearing on the trial," or "a correct stenographic report of the trial," a motion by appellee to strike will be allowed by the Appellate Court, for the reason that such a document presents nothing for review.

Bernhard Weinstock, Appellee, v. Harry Manaster and Herman M. Lipman, Appeal of Herman M. Lipman, Appellant.

Gen. No. 19,791.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed December 8, 1915.

## Statement of the Case.

Action by Bernhard Weinstock, plaintiff, against Harry Manaster and Herman M. Lipman, defendants, in the Circuit Court of Cook county, to recover for the alleged negligence of defendants in excavating upon land adjoining that of plaintiff, and thereby causing damage to plaintiff's building. From a judgment for plaintiff on a verdict of the jury for $675 against defendant Lipman, defendant Lipman appeals.

Defendant Manaster, who was the owner of a lot adjoining a building owned by plaintiff, engaged defendant Lipman to construct a building on his lot. The latter made an excavation on the lot for foundation and basement purposes. The plaintiff claimed that defendant Lipman did the excavating in a negligent and unskilful manner and thereby caused an injury to his building.

The court, at the instance of the plaintiff, gave to the jury the following instruction:

"The court instructs the jury, as a matter of law, that the owner of land has a right to have the soil of his premises sustained by the lateral support of the natural soil of the adjoining land; and that while this right does not extend to the support of any additional weight which the owner of the soil may place upon it, such as a building, still the law is that the adjoining landowner is making excavations on his land must do so in a reasonably careful and skilful manner, so as to avoid doing any unnecessary injury to the building; and in this case, if you find from the preponderance of the evidence that the defendants made an excavation wholly within the lot owned by the defendant Manaster, and that in making such excavations they failed to use reasonable and ordinary care or skill, as charged in the declaration, and that by reason of such failure of the defendants to use such reasonable care and skill, the building of the plaintiff was damaged, then your verdict should be for the plaintiff."

LOUIS ZIV, JOHN C. KING and JAMES D. POWER, for appellant.

MAX LUSTER, for appellee; J. AMBROSE GEARON, of counsel.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

NEGLIGENCE, § 221*—*when instruction ignoring negligence of plaintiff improper.* In an action to recover for damages caused to plaintiff's building by negligent excavation by defendant, an instruction, based on the theory that the excavation was made wholly on land adjoining that of plaintiff, which directs that in case the jury find that defendant failed to use reasonable and ordinary skill in making the excavation complained of they shall find for plaintiff, *held* erroneous, where there is evidence tending to show that but for such failure on the part of plaintiff such injury would not have occurred, in that such instruction entirely withdraws from the con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sideration of the jury the questions whether plaintiff exercised ordinary care to protect his building, and whether such failure contributed proximately to the injury sought to be recovered for.

---

### Minnie C. Painter, Appellant, v. Howard Durham, Appellee.

### Gen. No. 20,964.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and judgment here. Opinion filed December 8, 1915. Rehearing denied December 20, 1915.

### Statement of the Case.

Action by Minnie C. Painter, plaintiff, against Howard Durham, defendant, in the Municipal Court of Chicago, to recover on a contract for services. From a judgment for plaintiff for $4.26, plaintiff appeals.

This was an action of the first class in the Municipal Court of Chicago, brought by the appellant (hereinafter called the plaintiff) against the appellee (hereinafter called the defendant) to recover a balance of $955.26, and interest, alleged to be due the plaintiff for services as a "graduate professional nurse," rendered to the defendant under an alleged contract. Plaintiff's statement of claim, as amended, alleges, in substance, that she rendered services to certain members of the defendant's family as a "graduate professional nurse," for a period of eighty-one weeks, from March 16, 1908, to and including October 19, 1909 (except two weeks, from July 25, 1908, to August 10, 1908), at an agreed rate of $25 per week, making a total of $2,025; that the defendant was entitled to credit for payments aggregating $1,069.74, leaving a balance due to plaintiff of $955.26, with interest. The defendant filed an affidavit of merits in which he denied the